UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LEAR,<br><br>          Plaintiff,<br><br>     vs.<br><br>DR. CONANAN, et al.,<br><br>          Defendants. | 1:12-cv-01170 GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on Jly 12, 2012 (ECF No 4).

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  <u>Swierkewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ."  Fed. R.Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Swierkiewicz</u>, 534 U.S. at 512.  However, "the liberal pleading standard . . . . applies only to a plaintiff's factual allegations."  <u>Nietze v. Williams</u>, 490 U.S. 319, 330 n. 9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  <u>Bruns v. Nat'l Credit Union Admin</u>., 122 F.3d 1251, 1257 (9th Cir. 1997)(quoting <u>Ivey v.Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Avenal State Prison, brings this action against defendant correctional officials employed by the CDCR at Avenal.  Plaintiff names as defendants Dr. Conanan and Physician's Assistant (PA) Blackwell.  Plaintiff's claim stems from the denial of his request for hernia surgery.

Plaintiff alleges that on May 19, 2011, he was seen by Dr. Conanan regarding an abdominal hernia.  Plaintiff told Dr. Conanan that the hernia was causing him severe pain and his daily activities were "heavily impeded."  Dr. Conanan refused Plaintiff's request for hernia surgery.  Plaintiff alleges that "it is clearly obvious that Plaintiff is in pain, and that the hernia is getting worse, as it can be observed from the bump which protrudes from the area of the hernia."  Plaintiff alleges that, in his view, refusing an operation to close the hernia "will

obviously result in a more extensive surgery due to the delay in repairing the problem now in a timely manner, and also to alleviate the pain and suffering of the Plaintiff."

Plaintiff attaches as an exhibit to his complaint copies of an inmate grievance he filed regarding this issue, along with the responses to his grievance. The response to Plaintiff's grievance at the second level, from California Correctional Health Care Services, indicates the following.

> Your appeal was assigned at the First Level Review on May 23, 2011. You were interviewed by M. Blackwell, PA-C, on June 17, 2011, in order to give you an opportunity to fully explain your appeal. PA Blackwell documented that you had a small reducible hernia and surgery is not medically indicated at this time. PA Blackwell advised you to keep your follow up appointment.
>
> Your appeal was assigned at the Second Level on July 22, 2011. A review of your Unit Health Record (UHR) and relevant documents was conducted by the Chief Medical Executive's office on July 27, 2011, indicated that there are no changes in your UHR since you last examination with PA Blackwell on June 17, 2011.
>
> Your request for surgery to prevent the diagnosed hernia from getting worse is denied as you were examined on June 17, 2011 by PA Blackwell and he documented that you had a small reducible hernia and surgery is not medically indicated at this time. Your appeal remains denied at the Second Level Review.

**C.     Eighth Amendment**

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must examine whether the plaintiff's medical needs were serious. See Id. Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.

Plaintiff is advised that he cannot prevail in a section 1983 action where only the quality of treatment is subject to dispute. Sanchez v. Vild, 891 F.2d 240 (9th Cir. 1989). Mere

difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a section 1983 claim. Hatton v. Arpaio, 217 F.3d 845 (9th Cir. 2000); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). That is the case here. Plaintiff's central allegation is that he disagrees with the diagnosis of medical officials.

Plaintiff has not alleged facts suggesting deliberate indifference. Plaintiff must allege facts indicating that each defendant was aware of a specific harm to Plaintiff, and acted with deliberate indifference to that harm. Plaintiff has failed to do so here. The complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

### III.     Conclusion

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic v. Twombly, 550 U.S. 544, 554 (2007)(citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814

F.2d 565, 567 (9th Cir. 1987), and must be "complete and in and of itself without reference to the prior or superseded pleading." Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)).

      Accordingly, IT IS HEREBY ORDERED that:

      1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

      2.    The Clerk's Office shall send to Plaintiff a complaint form;

      3.    Within **thirty** days from the date of service of this order, Plaintiff shall file an amended complaint;

      4.    Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

      5.    If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

    Dated:   **March 17, 2015**                     **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE